# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, )<br>SECRETARY OF LABOR, )<br>UNITED STATES DEPARTMENT OF LABOR, )<br>          Plaintiff, )<br>v. )<br> )<br>JAMES M. CLAXTON, Jr., )<br>          Defendant. ) | Case No. 4:15-cv-1946 |

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges that:

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001 et seq., and is brought by the Secretary against Defendant James M. Claxton ("Claxton") as Trustee and fiduciary of the Claxton Consulting Engineers, Inc. 401(k) Plan ("401(k) Plan"), and as fiduciary of the Claxton Consulting Engineers, Inc. Health Plan ("Health Plan"), collectively referred to as the Plans. The Secretary brings this action to obtain all appropriate relief in order to redress violations and to enforce the provisions of Title I of ERISA.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is conferred upon this Court by Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

5KAY0002SJW

2. Venue lies in the Eastern District of Missouri, Eastern Division, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), where Defendant Claxton resides.

**PARTIES**

3. Plaintiff is the United States Secretary of Labor, who has authority under ERISA Sections 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5) and ERISA Section 409, 29 U.S.C. § 1109 to enforce provisions of Title I of ERISA, by among other things, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

4. At all relevant times, Defendant Claxton was sole officer and owner of Claxton Consulting Engineers, Inc. ("CCE"), a Missouri corporation providing engineering consulting services. CCE was located in the State of Missouri and operated within Missouri until ceasing operations in August 2009. CCE was the sponsor of the two Plans, Plan Administrator of the 401(k) Plan, and administered both Plans in Missouri while the company was in operation. Defendant Claxton was the sole Trustee of the 401 (k) Plan.

5. On or about September 15, 2009, the Secretary of Labor, through the Employee Benefits Security Administration ("EBSA") initiated an investigation under ERISA of the 401(k) Plan and the Health Plan.

6. Defendant Claxton, as sole owner and President of the sponsoring employer, CCE, and as named Trustee of the 401(k) Plan, was at all relevant times a party in interest to the 401(k) Plan and to the Health Plan, pursuant to ERISA § 3(14), 29 U.S.C. § 1002(14).

7.     CCE was at all relevant times a party in interest to both Plans pursuant to ERISA Section 3(14), 29 U.S.C. 1002(14).

## THE 401(k) PLAN

8.     The 401(k) Plan is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3) and subject to coverage of the Act under ERISA § 4(a), 29 U.S.C. § 1003(a).

9.     The 401(k) Plan is a defined contribution plan that was administered in Missouri and that allowed employees of CCE to elect to defer a portion of their compensation and have that amount contributed to the 401(k) Plan.  The 401(k) Plan was established by CCE, the employer and Plan Administrator, in 2006.  The 401(k) Plan is an employee pension benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and subject to coverage of the Act under ERISA § 4(a), 29 U.S.C. § 1003(a).  Defendant Claxton established the 401(k) Plan by signing the Adoption Agreement on behalf of CCE as the company's President and as the named Trustee on June 30, 2006.

10.    At all times relevant herein, Defendant Claxton, as named Trustee of the 401(k) Plan and as President and Owner of the sponsoring employer, was vested with and exercised discretionary authority or control respecting the management of the 401(k) Plan, or exercised authority or control respecting the management or disposition of the assets of the 401(k) Plan, or had discretionary authority or discretionary responsibility in the administration of the 401(k) Plan.  Therefore, Defendant Claxton, at all times relevant herein, has been a fiduciary with respect to the 401(k) Plan pursuant to ERISA

§§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

11. At varying times from October 2006 through September 2008, Defendant Claxton withheld and failed to forward $13,119.19 in employee elective deferrals to the 401(k) Plan. Claxton failed to segregate these withholdings from the general assets of the company and forward them to the 401(k) Plan. Therefore, the withheld amounts are assets of the 401(k) Plan pursuant to 29 C.F.R. § 2510.3-102, because such amounts were not transferred to the 401(k) Plan on the earliest date that they could be reasonably segregated. Defendant Claxton knew or should have known that employee contributions were not remitted to the 401(k) Plan. The withholdings were not transmitted for more than two years and were still owed when the business shut down in August 2009. Claxton had the authority to transmit the contributions to the 401(k) Plan, as he oversaw all of the financial operations of the business as well as the 401(k) Plan. These employee contributions were 401(k) Plan assets and not the property of Claxton or CCE.

12. Defendant Claxton failed to take action to secure the transfer to, or cause the transfer to, the 401(k) Plan of amounts withheld from the wages of four CCE employees. All of the delinquent employee contributions are pre-petition withholdings. $13,119.19 of employee withholdings is owed to the following 401(k) Plan participants:

| | |
|---|---|
| Richard Kuehl | $6,688.19 |
| Jeanetta Perks | $1,551.00 |
| Joshua Shewmake | $3,360.00 |
| Deshawn Taylor | $1,520.00 |
| Total | $13,119.19 |

13. Lost earnings totaling $2,816.58 are owed on the unpaid employee withholdings from pay periods beginning in October 2006.

14. During the periods that the contributions referred to in paragraphs 11 and 12 were not forwarded to the 401(k) Plan, Defendant Claxton retained the use of the unremitted payroll contributions, which were not segregated from the general assets of the company, and used the designated contributions for general business operations.

## **THE HEALTH PLAN**

15. The CCE Group Health Plan is an employee welfare benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3) and subject to coverage of the Act under ERISA § 4(a), 29 U.S.C. § 1003(a).

16. CCE Group Health Plan operated through a fully insured Point of Service contract for health care coverage with Anthem Blue Cross/Blue Shield of Missouri that provided health, dental, life and accidental death benefits for employees of CCE. Defendant Claxton executed the Group Master Application on June 20, 2006, with CCE as the Group and Plan Sponsor of the Health Plan. Defendant Claxton was the owner and officer of CCE, the Plan Sponsor, and he exercised discretionary authority over assets of the Health Plan by withholding premiums from employee pay for forwarding to the Health Plan to continue insurance coverage.

17. At varying times in 2007 through August 2009, Defendant Claxton also withheld and failed to forward $1,363.38 in payroll withholdings of insurance premiums intended for payment of health care premiums for Richard Kuehl, a participant in the CCE Blue Cross/Blue Shield Health Plan. Claxton failed to segregate the insurance premium withholdings from the general assets of the company and forward them to the Health Plan. The withheld amounts are assets of the Health Plan pursuant to 29 C.F.R.

5

§ 2510.3-102, because such amounts were not transferred to the Plan on the earliest date that they could be reasonably segregated.  By not forwarding the insurance premiums by the first of the month in which coverage was in force, Defendant Claxton caused cancellation of the company's health insurance coverage and did not inform participant Kuehl that the coverage had been cancelled.

18. Lost earnings totaling $96.09 are owed on the unpaid insurance premium withholdings that were withheld and not forwarded in 2007 through August 2009.

19. Defendant Claxton failed to segregate said insurance withholdings from the general assets of the company and either forward the payroll withholdings to the Health Plan or return the withholdings to participants.

## DEFENDANT'S FIDUCIARY STATUS

20. At all times relevant herein, Defendant Claxton, as named Trustee of the 401(k) Plan and as President and Owner of CCE, the sponsoring employer, was vested with and exercised discretionary authority or control respecting the management of the 401(k) Plan, or exercised authority or control respecting the management or disposition of the assets of the 401(k) Plan, or had discretionary authority or discretionary responsibility in the administration of the 401(k) Plan.  Therefore, Defendant Claxton, at all times relevant herein, was a fiduciary with respect to the 401(k) Plan pursuant to ERISA §§ 3(21)(A) (i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

21. At all times relevant herein, Defendant Claxton, as President and Owner of CCE, the sponsoring employer, was vested with and exercised discretionary authority or control respecting the management of the Health Plan, or exercised authority or control

6

respecting the management or disposition of the assets of the Health Plan, or had discretionary authority or discretionary responsibility in the administration of the Health Plan.  Claxton managed the day-to-day operations of CCE, had check writing authority at CCE, and authorized all payments made to the Health Plan from corporate accounts.  Claxton made the financial decisions for both the business and for the Health Plan.  Therefore, Defendant Claxton, at all times relevant herein, was *de facto* fiduciary with respect to the Health Plan pursuant to ERISA §§ 3(21)(A) (i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

22.     In Docket 10-43278 of the U.S Bankruptcy Court for the Eastern District of Missouri, Defendant James Claxton and his wife Bobbette filed for protection from creditors under Chapter 13 Bankruptcy.  Defendant Claxton signed a Stipulation of Nondischargeability with the Secretary in which he admitted that he was a fiduciary to the 401(k) Plan and to the Health Plan.  In the Judgment issued by the Bankruptcy Court in that case, Defendant Claxton was ordered that he was a fiduciary to the 401(k) Plan and to the Health Plan.  The Stipulation and Judgment are attached hereto and incorporated herein as Exhibit A.

## VIOLATIONS OF ERISA

23.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1 through 22.

24.     By his failure to take any action to remit the employee contributions to the 401(k) Plan and to the Health Plan identified in paragraphs 11, 12, 13, 17, and 18 above, Defendant James Claxton:

7

      a.    failed to discharge his fiduciary duties with respect to the 401(k) Plan and to the Health Plan, solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plans, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

      b.    failed to discharge his fiduciary duties with respect to the 401(k) Plan and to the Health Plan, with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

      c.    caused the 401(k) Plan and the Health Plan, to engage in transactions, which he knew or should have known constituted a transfer to, or use by, or for the benefit of, a party in interest, of assets of the Plans in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

      d.    dealt with assets of the 401(k) Plan and the Health Plan in his own interest or for his account, or acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of the participants in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2);

      e.    permitted the assets of the 401(k) Plan and of the Health Plan to inure to the benefit of an employer in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

**DEFENDANT JAMES CLAXTON'S BANKRUPTCY**

25. In Docket 10-43278 of the U.S Bankruptcy Court for the Eastern District of Missouri, Defendant James Claxton and his wife Bobbette filed for protection from creditors under Chapter 13 Bankruptcy. Under the confirmed Chapter 13 Plan, Defendant Claxton paid $2,398.86 to the 401(k) Plan over five years. Defendant Claxton signed a Stipulation of Nondischargeability with the Secretary in which he admitted that he was a fiduciary to the 401(k) Plan and to the Health Plan and that the debt to the two Plans was nondischargeable under Section 523(a)(4) of the Bankruptcy Code. The Stipulation also included a tolling agreement whereby the Statute of Limitations date for the Secretary to file a complaint for the remainder of the amounts owed on these 2007-2009 violations, after all Chapter 13 payments were made, was extended to no later than January 1, 2016. *See* Exhibit A. The amount of restitution sought for the 401(k) Plan is therefore reduced by the amount of the Chapter 13 payments, or by $2,398.86, to $10,720.33 plus lost earnings.

WHEREFORE, the Secretary prays that this Court:

1. Permanently enjoin Defendant James Claxton from violating the provisions of Title I of ERISA;

2. Order Defendant Claxton to restore $10,720.33 to the 401(k) Plan plus $2,816.58 in lost earnings, and $1,363.38 to the participant in the Health Plan plus $96.09 in lost earnings, which constitute losses attributable to his fiduciary breaches;

3. Award Plaintiff the costs of this action; and

4. Provide such further relief as is just and equitable.

M. Patricia Smith
Solicitor of Labor
Connecticut Bar No. 371708
Christine Z. Heri
Regional Solicitor
Illinois Bar No. 6204656

H. Alice Jacks
Associate Regional Solicitor
Missouri Bar No. 24482

s/ Susan J. Willer
Susan J. Willer
Attorney
Federal Bar No. 017798OK
Oklahoma Bar No. 017798

Attorneys for Plaintiff, U.S. Secretary of Labor
Office of the Solicitor
Two Pershing Square
Suite 1020
2300 Main Street
Kansas City, MO 64108
Telephone: (816) 285-7260
Fax:  (816) 285-7287
E-mail: willer.susan@dol.gov