# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD HUGLER, Acting Secretary of Labor, United States Department of Labor,[1] | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:15-CV-1946 CAS<br>) |
| JAMES M. CLAXTON, JR., | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment. Plaintiff Thomas E. Perez, then Secretary of Labor, United States Department of Labor (the "Secretary") brought this action against James M. Claxton under Sections 403, 404, and 406 of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §§ 1103, 1104, and 1106 for breach of fiduciary duties, failure to forward employee elective deferrals to a 401(k) plan, and failure to forward payroll withholdings of insurance premiums for a group health plan. The Secretary asks that defendant be ordered to make payments to the 401(k) plan and group health plan.

### *Procedural Background*

On March 16, 2016, the Secretary filed a Waiver of Service of Summons signed by defendant James M. Claxton, Jr. dated March 14, 2016. Defendant Claxton did not respond to the complaint, and the Secretary filed a motion for the clerk's entry of default against defendant, which

---

[1]Edward Hugler was designated to serve as the acting Secretary of Labor for the United States Department of Labor, effective January 20, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Edward Hugler is automatically substituted as plaintiff.

was granted on June 21, 2016. The Secretary then filed a motion for default judgment against defendant Claxton, which is currently pending before the Court. The motion is unopposed.

*Factual Background*

According to the Complaint, defendant Claxton was sole officer and owner of Claxton Consulting Engineers, Inc. ("CCE"), a Missouri corporation providing engineering consulting services. CCE was located in the State of Missouri and operated within Missouri until ceasing operations in August 2009. CCE was the sponsor of two plans covered by ERISA: the Claxton Consulting Engineers, Inc. 401(k) Plan ("401(k) Plan") and the Claxton Consulting Engineers, Inc. Health Plan ("Health Plan"). Defendant is the Trustee and fiduciary of the 401(k) Plan and the fiduciary of the Health Plan.

The 401(k) Plan is a defined contribution plan that was administered in Missouri and that allowed employees of CCE to elect to defer a portion of their compensation and have that amount contributed to the 401(k) Plan. Defendant Claxton established the 401(k) Plan on June 30, 2006, by signing the Adoption Agreement on behalf of CCE as the company's President and as the named Trustee. The 401(k) Plan is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), and subject to coverage of the Act under ERISA § 4(a), 29 U.S.C. § 1003(a). Defendant Claxton was a fiduciary with respect to the 401(k) Plan pursuant to ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

The Health Plan operated through a fully insured Point of Service contract for health care coverage with Anthem Blue Cross/Blue Shield of Missouri that provided health, dental, life and accidental death benefits for employees of CCE. Defendant Claxton executed the Group Master Application on June 20, 2006, with CCE as the Group and Plan Sponsor of the Health Plan.

2

Defendant Claxton was the owner and officer of CCE, the Plan Sponsor, and he exercised discretionary authority over assets of the Health Plan by withholding premiums from employee pay for forwarding to the Health Plan to continue insurance coverage. The CCE Group Health Plan is an employee welfare benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3) and subject to coverage of the Act under ERISA § 4(a), 29 U.S.C. § 1003(a). Defendant Claxton was a fiduciary with respect to the Health Plan pursuant to ERISA §§ 3(21)(A) (i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

On or about September 15, 2009, the Secretary of Labor, through the Employee Benefits Security Administration ("EBSA") initiated an investigation under ERISA of the 401(k) Plan and the Health Plan. At varying times from October 2006 through September 2008, defendant Claxton withheld and failed to forward $13,119.19 in employee elective deferrals to the 401(k) Plan. Defendant Claxton failed to take action to secure the transfer to, or cause the transfer to, the 401(k) Plan of amounts withheld from the wages of four CCE employees: Richard Kuehl $6,688.19; Jeanetta Perks $1,551.00; Joshua Shewmake $3,360.00; and Deshawn Taylor $1,520.00; for a total amount of $13,119.19. According to the Complaint, lost earnings totaling $2,816.58 are owed on the unpaid employee withholdings from pay periods beginning in October 2006.

At varying times in 2007 through August 2009, defendant Claxton also withheld and failed to forward $1,363.38 in payroll withholdings of insurance premiums intended for payment of health care premiums for Richard Kuehl, a participant in the CCE Blue Cross/Blue Shield Health Plan. Claxton failed to segregate the insurance premium withholdings from the general assets of the company and forward them to the Health Plan. By not forwarding the insurance premiums by the first of the month in which coverage was in force, defendant Claxton caused cancellation of the

3

company's health insurance coverage and did not inform participant Kuehl that the coverage had been cancelled. According to the Complaint, lost earnings totaling $96.09 are owed on the unpaid insurance premium withholdings that were withheld and not forwarded in 2007 through August 2009.

Defendant James Claxton and his wife Bobbette filed for protection from creditors under Chapter 13 of the United States Bankruptcy Code. Under the confirmed Chapter 13 Plan, defendant Claxton paid $2,398.86 to the 401(k) Plan over five years. Defendant Claxton signed a Stipulation of Nondischargeability with the Secretary in which he admitted that he was a fiduciary to the 401(k) Plan and to the Health Plan, and that the debt to the two plans was nondischargeable under Section 523(a)(4) of the Bankruptcy Code. The Stipulation also included a tolling agreement whereby the Statute of Limitations date for the Secretary to file a complaint for the remainder of the amounts owed on these 2007-2009 violations, after all Chapter 13 payments were made, was extended to no later than January 1, 2016. The Secretary alleges in the Complaint that the amount of restitution it seeks for the 401(k) Plan is therefore reduced by the amount of the Chapter 13 payments – from $13,119.19 to $10,720.33, plus lost earnings.

*Discussion*

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of

4

Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2016); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

The Court takes the allegations the Secretary made in the Complaint as true, except for those allegations as to the amount of damages. Under the facts as alleged in the Complaint, the Court finds the Secretary is entitled to default judgment against defendant Claxton for violations of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2); and ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1). Taylor, 859 F.2d at 1333. n.7 ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal quotes and quoted authority omitted).

The Court further finds that the Secretary has established through the affidavit that was submitted in support of the motion for default judgment that defendant owes the following amounts to participants in the 401(k) Plan: Richard Kuehl $6,688.19; Jeanetta Perks $1,551.00; Joshua Shewmake $3,360.00; and Deshawn Taylor $1,520.00; for a total amount of $13,119.19, less the payments defendant made pursuant to the Chapter 13 Bankruptcy Plan, $2,398.86 , for a total amount of $10,720.33. The lost earnings owed to the four participants for the unremitted 401(k) contributions is $2,816.58. The Court also finds that plaintiff has established in the affidavit that defendant Claxton owes Richard Kuehl $1,363.38 for unremitted health insurance premiums, and the lost earning on this amount is $96.09. The total amount of unremitted 401(k) Plan and Health Plan payroll withholdings plus lost earnings is $14,996.38.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Edward Hugler, Acting Secretary of Labor, United States Department of Labor's motion for default judgment against defendant James M. Claxton, Jr. is **GRANTED**. [Doc. 60]

**IT IS FURTHER ORDERED** that judgment is entered against defendant James M. Claxton, Jr. for a total of Fourteen Thousand Nine Hundred Ninety-Six Dollars and Thirty-Eight Cents ($14,996.38).

**IT IS FURTHER ORDERED** that within sixty (60) days of the date of this Memorandum and Order, defendant James M. Claxton, Jr. shall make payment to the Claxton Consulting Engineers, Inc. 401(k) Plan in the amount of Thirteen Thousand Five Hundred Thirty-Six Dollars and Ninety-One Cents ($13,536.91) in unremitted employee withholdings and lost earnings for participants Richard Kuehl, Jeanetta Perks, Joshua Shewmake, and Deshawn Taylor, with directions for allocation to participant accounts.

**IT IS FURTHER ORDERED** that within sixty (60) days of the date of this Memorandum and Order, defendant James M. Claxton, Jr. shall make payment of One Thousand Four Hundred Fifty-Nine Dollars and Forty-Seven Cents ($1,459.47) directly to health plan participant Richard Kuehl for unremitted health insurance premiums, plus lost earnings.

**IT IS FURTHER ORDERED** that defendant James M. Claxton, Jr. shall provide written evidence of all payments to plaintiff's attorney within thirty (30) days after payment is complete.

**IT IS FURTHER ORDERED** that each party shall bear his own attorneys' fees, costs and other expenses incurred by such party to date in connection with any stage of the above-captioned case including, but not limited to, attorneys' fees, costs and other expenses that may be available under the Equal Access to Justice Act.

                                                             **CHARLES A. SHAW**
                                                             **UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of March, 2017.